[Civ. No. 15420. Second Dist., Div. Two. Dec. 19, 1946.]

GLADYS L. KEITHLY et al., Respondents, v. MARK B. LACEY, Appellant.

O'Melveny & Myers, Pierce Works and George Francis for Appellant.

Macdonald, Wallace, Cashin & Arrington for Respondents.

WILSON, J.—Defendant has appealed from an order denying his motion for a change of venue from Los Angeles County to Inyo County where he resides.

Respondents allege in their complaint that appellant holds in trust for them an undivided one-half interest in real property in Los Angeles, Tulare and Inyo Counties, personal property consisting of ten first mortgage bonds having a par value of $1,000 each, a recorded livestock and cattle brand, and $8,000 in cash. They pray for a decree establishing the trust and directing defendant to execute such conveyances as shall be necessary to convey to plaintiffs their respective interests in the property.

Respondents' position is that since the action involves real property it should be tried in Los Angeles County where some of the real property is located (Code Civ. Proc., § 392, subd. 1), and appellant contends that since the action is partly local and partly transitory he is entitled to a trial in the county in which he resides.

If the action involved real property alone the contention of respondents would be sustained, but they seek to recover an interest in both real and personal property. Where real and personal actions are joined in the same complaint the case must be tried in the county in which the defendant resides if he so demands (*Smith* v. *Smith,* 88 Cal. 572, 576 [26 P. 356]; *Stesel* v. *Santa Ana River Water Co.,* 35 Cal.App.2d 117, 125 [94 P.2d 1052]; *Brown* v. *Happy Valley Fruit Growers, Inc.,* 206 Cal. 515, 523 [274 P. 977]; *Warner* v. *Warner,* 100 Cal. 11, 16 [34 P. 523]; *Sheeley* v. *Jones,* 192

Cal. 256, 258 [219 P. 744]; *Hays* v. *Cowles,* 60 Cal.App.2d 514, 516 [141 P.2d 26]), but plaintiffs cannot, by uniting in their complaint matters that are the subject of a personal action with those that are the subject of a local action, compel defendant to have both matters tried in a county other than that in which he resides. (*Smith* v. *Smith, supra.*) The court will examine the complaint in order to ascertain whether the action is local or transitory and to determine the character of the judgment that might be entered upon a default thereon. (*Eckstrand* v. *Wilshusen,* 217 Cal. 380, 381 [18 P.2d 931]; *McFarland* v. *Martin,* 144 Cal. 771, 774 [78 P.2d 239].)

 This action is twofold and a judgment by default could impress a trust on (1) real property located in Los Angeles County and two other counties, and (2) personal property. Since the action is both local and transitory appellant is entitled to have the case tried in the county of his residence. The transitory portion of the action is not merely incidental to the real cause of action and relief sought, as in *Donohoe* v. *Rogers,* 168 Cal. 700 [144 P. 958], and other cases relied on by respondents, but it is one of the chief component parts of the case. Appellant is therefore entitled to have the case tried in the county in which he resides.

The order denying the motion for a change of venue is reversed with directions to grant the motion.

Moore, P. J., and McComb, J., concurred.