[Civ. No. 15192. First Dist., Div. One. Aug. 22, 1952.]

ALLAN W. GILMAN, Respondent, v. ANDREW NORDIN, Appellant.

Walter G. Danielson, H. Spencer St. Clair and Garvin F. Shallenberger for Appellant.

Evans, O'Gara & McGuire for Respondent.

BRAY, J.—In an action brought in San Francisco, the court denied defendant's motion for change of venue to Los Angeles, the county of defendant's residence. Defendant appeals.

## Questions Presented

(1) Is an action for dissolution of a partnership and an accounting one founded on a contract within the meaning of section 395 of the Code of Civil Procedure? (2) Does that section apply where there is no showing in what county the contract was entered into?

## Record

The complaint contains four counts. The first alleges an oral agreement between the parties to be performed in San Francisco forming a partnership with its sole place of business located in San Francisco, breach of the agreement by defendant, and asks for the dissolution of the partnership and an accounting. The other three counts are on alleged contracts. Defendant demurred and moved for change of venue to the county of his residence, accompanying his motion with an affidavit of residence. Plaintiff then filed an affidavit stating that the complaint shows on its face that the copartnership agreement was to be performed in San Francisco and that the agreements in all four counts were agreed to be performed there, and that all of the transactions and all the business of the copartnership were carried on there. He also set up facts purporting to show that the action should be tried in San Francisco for the convenience of witnesses. There was no allegation as to where the partnership contract was entered into. There was no denial by defendant of plaintiff's allegations that the partnership agreement and the other contracts were to be performed in San Francisco.

### 1. Contract Action

It is conceded that the determination of defendant's right to a change of venue depends upon the construction of the first count, as under the other three counts he would not be entitled to a change. ██ If a defendant is entitled to a trial in the county of his residence on any one of several causes of action in a complaint, he is entitled to a change of venue to that county notwithstanding that on all the other causes he would not be entitled to such change. (*Goossen* v. *Clifton,* 75 Cal.App.2d 44 [170 P.2d 104] ; *Keithly* v. *Lacey,* 77 Cal.App.2d 339 [175 P.2d 235].)

██ Section 395 of the Code of Civil Procedure provides: "When a defendant has contracted to perform an obligation in a particular county, either *the county where such obligation is to be performed,* or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a *proper county for the trial of an action founded on such obligation,* and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."\* It also provides that in all other cases the county in which the defendant resides is the proper county for the trial of the action.

If, then, the first count is an action founded on an obligation contracted to be performed in San Francisco (as alleged in the complaint and plaintiff's affidavit) defendant is not entitled to a transfer of the case to his residence county. Logically, it would appear that it is an action founded on a contract. Plaintiff alleged the partnership contract, its breach by defendant, and asks that the partnership formed by that contract be dissolved. In determining the truth of that allegation the court must determine whether there was such contract, what its terms were, and in what respect, if any, defendant breached it, and whether the partnership formed by it should be dissolved. In the accounting which is asked the court must determine what the assets of the partnership are, if any, and divide those assets in accordance with the contract. The cases which defendant cites in support of his contention that the action is not on the contract, do not support him. *Averill* v. *Lincoln,* 52 Cal.App.2d 398 [126 P.2d 398], was an action to dis-

---

\*All italics added, unless otherwise noted.

solve a partnership entered into *due to the fraud* of appellants. Thus, the action sought to prove that because of such fraud there was no contract. While the court there used language that might indicate that an action for a partnership dissolution and accounting is a transitory one, such language must be considered in the light of the type of action there being considered, an action in fraud. In *Postin* v. *Griggs*, 66 Cal.App.2d 147 [151 P.2d 887], Mr. Presiding Justice Peters cited the Averill case for the proposition that an action, the gravamen of which is fraud, is triable in the county of the residence of the defendant, and expressly held that an action based on fraud is not founded on the contract sought to be cancelled. *O'Brien* v. *O'Brien*, 16 Cal.App. 103 [116 P. 692], cited by defendant, although a partnership accounting action, did not discuss the problem involved here for the reason that the provision in section 395 providing for the trial in the county where the contract was to be performed was not added until 1939. The O'Brien case was decided in 1911. The only question considered in that case was whether as a matter of fact defendant's residence was in the county to which he desired the case transferred. In *Bybee* v. *Fairchild*, 75 Cal.App.2d 35 [170 P.2d 54], the count which the court held entitled the case to be transferred was based upon fraud.

Defendant cites *Liberal Catholic Church* v. *Rogers*, 65 Cal. App.2d 196 [150 P.2d 486], and *Cate* v. *Stapleton*, 43 Cal. App.2d 492 [111 P.2d 437]. Both of these cases involved obligations created by law and not by contract. *Smith* v. *Smith* (1891), 88 Cal. 572 [26 P. 356], decided before the change in venue section, was an action brought to declare a conveyance of real and personal property absolute on its face to be a mortgage and seeking an accounting of profits received by the creditor in the management of the property, which profits it was claimed exceeded the amount of the indebtedness. The sole question passed on was whether the fact that real property was involved prevented a transfer to the county of defendant's residence.

*Peterson* v. *Sherman*, 68 Cal.App.2d 706 [157 P.2d 863], is almost on all fours with our case. There two actions were filed. One "seeks the recovery of money due as a result of a partnership accounting." The other was "an action to recover the possession of certain farm machinery or its value and damages by way of rental for its use during the period of its wrongful detention" (p. 708) pur-

suant to the terms of a written contract. The court said (p. 710): "The question here presented is whether or not these two actions were 'founded' on an 'obligation' contracted to be performed in, or which in fact was entered into in Kings County." "The complaint in the accounting case (No. 3177) does not set forth the written agreement referred to but alleges its contents and that it was made and entered into and was to performed in Kings County. Assuming the truth of the allegations of the complaint, plaintiff has brought himself strictly within the provisions of section 395 of the Code of Civil Procedure. Therefore, under the pleadings, Kings County is a proper county for the trial of that action." (Pp. 711-712.) While there the plaintiff did not ask for a dissolution of the partnership, and the plaintiff does here, that does not affect the fact that both actions are on a contract. The partnership agreement is the very essence of the cause of action here, and hence the action is founded on that contract.

2. MUST THE PLACE OF ENTRY INTO THE CONTRACT BE ALLEGED?

Defendant in his reply brief for the first time contends that as section 395 provides "the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary," there must be an allegation of where the contract was entered into or an allegation of "a special contract in writing to the contrary" before the court can deprive defendant of the right of trial at his residence. Both in his complaint and his affidavit* plaintiff alleges that the obligation was to be performed in San Francisco. This is not denied. Thus it is admitted. Such admission necessarily includes all the elements covered by the allegation. One of those elements is that it being admittedly an oral contract it was entered into in San Francisco. Or, to put it another way, by his admission that the contract was to be performed in San Francisco defendant is estopped to contend that it was not entered into here. *Caffry* v. *Tilton,* 38 Cal.2d 371 [240 P.2d 273], does not apply. There the defendant's residence and the place in which the contract was made was Los Angeles.

---

*Affidavits are proper in determining questions of venue. (*Turner* v. *Simpson,* 91 Cal.App.2d 590 [205 P.2d 423]; *Rench* v. *Harris,* 76 Cal.App.2d 113 [172 P.2d 576].)

The action was filed in San Francisco, and as pointed out by the court there was no special writing to the effect that the contract was to be performed in San Francisco. The court held in effect that, since the section prescribes that in the absence of a writing to the contrary the place of performance is deemed to be the county of contract, the pleadings showed on their face that the place of performance must be deemed to be Los Angeles, even though it is alleged that the performance actually occurred elsewhere. Here, had defendant denied that the agreement was to be performed in San Francisco or alleged that it was entered into in some other county, plaintiff's allegations might not have been sufficient. But, in view of defendant's admissions, he cannot contend that the action cannot be tried in San Francisco. As pointed out in *Turner* v. *Simpson*, 91 Cal.App.2d 590 [205 P.2d 423], the county of a defendant's residence is not a preferred place of trial over the county where the contract is entered into *or* is to be performed.

### 3. CONVENIENCE OF WITNESSES

The order denying the motion for change of venue does not specify the grounds on which it is based. If it is proper to deny the motion on any ground presented we must sustain the order. The court would have erred if it denied the motion solely on the ground of convenience of witnesses. ■ "The law is well settled that unless answer has been filed at the time the demand for change of venue is made, a counter motion to retain the case on the ground of convenience of witnesses will not lie, for the obvious reason that until the issues of fact are settled by answer the court cannot determine what testimony will be material. [Citations.]" (*Jansing* v. *Bowen*, 117 Cal. App. 31 [3 P.2d 327].) ■ As we have pointed out, the motion was properly denied on the ground that the contract was to be performed in San Francisco. Therefore, it would be immaterial if the trial court also erroneously denied it on the additional ground of convenience of witnesses.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 21, 1952. Schauer, J., was of the opinion that the petition should be granted.