[Civ. No. 17588.    First Dist., Div. One.    Apr. 18, 1958.]

MATHEWS CONVEYER COMPANY WEST COAST (a Corporation), Respondent, v. ELIZA E. POWELL et al., Defendants; O. FRANK TOWSE, Appellant.

McGilvray, McGilvray & Cameron for Appellant.

Truce & Veal and Harlan K. Veal for Respondent.

PETERS, P. J.—The Mathews Conveyer Company West Coast filed a three count complaint in San Mateo County naming O. Frank Towse and several others as defendants. Towse moved for a change of venue to Yolo County, his residence. The motion was denied. Towse appeals.

The first count of the complaint alleges an account stated in San Carlos, San Mateo County; the second alleges an open book account for goods, wares and merchandise furnished to defendants at San Carlos, San Mateo County; and the third simply alleges a written conditional sales contract for the payment of money. Plaintiff's affidavit in opposition to the motion for change of venue, which has attached as an exhibit the conditional sales contract, however, avers that the contract provided that all payments called for by the contract were to be made and were made at San Carlos, San Mateo County. It is further averred that pursuant to the provisions of the conditional sales contract involved, it was "to be performed in, and paid in the City of San Carlos, County of San Mateo." Defendant Towse challenged none of these allegations or averments. His notice of motion for change of venue and his affidavit in support of his motion allege only the fact that he is a resident of Yolo County.

The motion for a change of place of trial was properly denied. ■ While it is the general rule that a contract action, express or implied, is personal in nature, and therefore generally triable in the county of the defendant's residence, that general rule is subject to certain well-defined exceptions set forth in section 395 of the Code of Civil Procedure. That section, so far as pertinent here, now provides:

"(1) In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer

actions or proceedings as provided in this title, the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary. . . .''

The instant case falls clearly within these exceptions. *Ward Mfg. Co.* v. *Miley*, 131 Cal.App.2d 603 [281 P.2d 343], is directly in point. There a two count complaint was filed in Los Angeles County. The first count averred an account stated in Los Angeles, and the second count set forth a common count for goods sold and delivered in Los Angeles. Defendant established that he was a resident of Fresno County, and contended that the obligation, if any, was incurred in that county. He moved for a change of venue to Fresno County. It was denied. The appellate court affirmed, pointing out that the complaint alleged that the account was stated in Los Angeles and that the goods were sold and delivered in that county. These allegations were not denied. They established a prima facie case that Los Angeles County was a proper county for the trial of the action. The burden of overthrowing this prima facie case rested upon the moving defendant. His residence in Fresno County was not sufficient to overcome this prima facie case. His burden was also to show that the contract was not made or to be performed in Los Angeles County. Since the defendant failed to controvert plaintiff's allegations on these matters the motion was properly denied. That is precisely this case. (See also *Gilman* v. *Nordin*, 112 Cal.App.2d 788 [247 P.2d 394].)

*Goossen* v. *Clifton*, 75 Cal.App.2d 44 [170 P.2d 104], is not contrary to these cases. There a two count complaint was filed in Santa Clara County. The first count alleged a mutual open book account, and the second an account stated in Santa Clara County. The first count was not connected in any way in the complaint or in the affidavits with Santa Clara County. The defendants moved for a change of venue to the county

of their residence, Los Angeles. The motion was denied and the appellate court properly reversed. The defendants were not entitled to a change of venue on the second count, but were on the first. The appellate court simply held that where a plaintiff joins two contract causes of action, on one of which the defendants are not entitled to a change of venue and the other they are, the defendants are entitled to the change. In such cases the exceptions in section 395 are not applicable. This rule is well settled. (*Ward Mfg. Co.* v. *Miley*, 131 Cal. App.2d 603 [281 P.2d 343] ; *Keithly* v. *Lacey*, 77 Cal.App.2d 339 [175 P.2d 235].) But that rule is not here applicable because in the instant case, as to all three causes of action, the plaintiff established a prima facie case that they were triable in San Mateo County. Defendant Towse did not refute this prima facie case. He in no way challenged the showing made by plaintiff that the account stated, the open book account and the written conditional sales contract were made and/or to be performed in San Mateo County. Under such circumstances he was not entitled to the change of venue.

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.