[Civ. No. 18995. First Dist., Div. One. May 11, 1960.]

MARGARET QUICK, Respondent, v. DOMINIC CORSARO et al., Appellants.

Mack, Bianco, King & Eyherabide and D. Bianco for Appellants.

Weinstock, Anderson, Maloney & Chase and Harold J. Chase for Respondent.

TAYLOR, J. pro tem.*—This is an appeal from a denial of the defendant's motion for a change of venue from San Francisco to Kern County.

The unverified complaint contains three causes of action. The first cause of action is for declaratory relief and alleges that one Clark acting outside the actual or ostensible scope of his agency as a salesman for the First California Company of San Francisco (plaintiff's assignor) did at Bakersfield, Kern County, offer to secure 700 shares of Tennessee Gas Transmission stock in two lots of 500 for the defendant, Giumarra Brothers Fruit Company, and 200 for the defendant, George Giummara, individually, at a reduced price in the total amount of $17,500; that defendant agreed to buy, and paid Clark the money which he appropriated to his own use; that Clark placed the orders for the 700 shares on behalf of the defendants with the First California Company's office in San Francisco, who, in turn, confirmed the orders and billed the defendants at the regular total purchase price of $24,312.50 due and payable in San Francisco; that defendants caused to be delivered to the First California Company their check on the Giumarra Brothers Fruit Company for $24,312.50 which the First California Company, after being so advised by the agent Clark, applied to the outstanding debt and delivered the defendants the 700 shares; that defendants in an action in Kern County against the plaintiff's assignor for $34,500 contend that the agent sold them an additional 1,000 shares of Tennessee Gas at a reduced price, and that the $24,312.50 check which they delivered to the First California Company was payment for this lot of 1,000 shares. The plaintiff prays for a declaration that the $24,312.50 check sent to them by the defendants was in payment of the 700 shares, or in the alternative that said amount is due and payable, that the

*Assigned by Chairman of Judicial Council.

agent Clark was acting beyond either his actual or ostensible authority in his dealings with the defendants, and that the defendants must bear the loss due to Clark's theft.

The second cause of action concerns the sale of the 500 shares and the third cause the 200 shares, as set forth in the first cause of action, and both causes allege that the orders were placed at the First California Company office in San Francisco and that the purchase price is due and payable there. Judgment is prayed for accordingly.

The defendant, George Giumarra filed a demurrer and a motion for a change of venue to Kern County where he resides. The defendant's affidavit in support of the motion alleges that he has been advised by his attorney that he has a good defense to the complaint that the defendants were at the time of the commencement of the action, ever since have been, and now are residents of Kern County; "that each and all of the obligations, if any, described in plaintiff's Complaint were incurred in the County of Kern, State of California, and that there was never any special contract in writing that said obligations, if any, were to be performed at any other place than the County of Kern, State of California."

The general rule is that the residence of the defendant is the proper place for trial and this applies to contract actions with certain exceptions set out in section 395 of the Code of Civil Procedure. That section reads in part: "(1) In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary. . . ."

The defendant first contends that the gravamen of the plaintiff's first cause of action is fraud, and that defendant's residence is the proper place for trial. It is true that an action in fraud is transitory and is triable in the

county of defendant's residence. (*Averill* v. *Lincoln*, 52 Cal. App.2d 398 [126 P.2d 398].) ▮ It has also been held that where several causes of action are alleged in a complaint, a motion for a change of venue must be granted on all, if defendant is entitled to a change on any one. (*Ah Fong* v. *Sternes*, 79 Cal. 30, 33 [21 P. 381] ; *Goossen* v. *Clifton*, 75 Cal. App.2d 44, 47 [170 P.2d 104] ; *Keithley* v. *Lacey*, 77 Cal.App. 2d 339, 340 [175 P.2d 235].) ▮ However, it is our opinion that the first cause of action is on the contract. The plaintiff is not charging the defendant with fraudulent conduct. The primary relief sought is a confirmation of the contracts of stock purchase between the plaintiff's assignor and the defendants. The fact that the plaintiff is also asking for a declaration that Clark was not acting within scope of his agency with the First California Company in his dealings with the defendants at the time he defrauded them does not alter the essential nature of plaintiff's cause of action against defendants.

▮ The defendant further argues that all testimonial statements made in court must be under oath (6 Wigmore on Evidence (3d ed. 1940), § 1824, p. 308; Code of Civ. Proc., § 2002), and that the court had no authority to consider the allegations in plaintiff's unverified complaint as against the affidavit of the defendant. There appear to be no cases in California on this precise point. ▮ It was said in *Woods* v. *Berry*, 105 Cal.App. 90, 92 [286 P. 1073], "[A] motion for change of venue shall be heard upon affidavits and the verified pleadings . . . affidavits constitute the evidence upon which the validity of the order depends." Witkin says, "Venue is determined chiefly from an examination of the complaint, and a *verified* complaint is treated as a plaintiff's counteraffidavit insofar as it contradicts the affidavit of the moving defendant." (Emphasis added.) (1 Witkin, California Procedure, § 260, p. 781, citing cases.)

▮ It is our opinion that where the defendant's affidavit adequately controverts the allegations in plaintiff's unverified complaint which would give the county in which it was filed jurisdiction to try the action, and alleges facts which would make the action triable in another county, the court must, in the absence of a sufficient counteraffidavit, grant the motion, and has no authority to treat the unverified complaint as a counteraffidavit. However, where the defendant's affidavit does not deny or otherwise meet *these* essential allegations in the complaint as they relate to venue, it is insufficient upon

which to grant a motion for a change, and the complaint will determine jurisdiction, even though unverified.

A complaint need not be verified to commence a civil action under section 426 of the Code of Civil Procedure.

" 'The presumption is, in the absence of an affirmative showing in that particular, that the county in which the title of the action shows that it is brought is, *prima facie,* the proper county where the court in which the action is brought has jurisdiction of the subject matter thereof.' This rule has been reiterated many times and with the corollary *that the averments of the complaint are to be, deemed true upon a motion for change of venue, at least to the extent they are not controverted.''* (Emphasis added.) (*Ward Mfg. Co.* v. *Miley,* 131 Cal.App.2d 603, 606 [281 P.2d 343], citing many cases.)

The burden, then, even though the complaint was unverified, was upon the defendant to show in his affidavit not merely that he was a resident of Kern County, but also that the contract was neither made nor to be performed in San Francisco County. We think in meeting this burden, the defendant was required to deny the factual allegations of plaintiff's complaint which established venue in San Francisco or to allege affirmative facts fixing venue in Kern County. If he failed to do so, it was the insufficiency of his own affidavit, and not the strength of the unverified complaint as weighed against it, which settled the issue. In *Gilman* v. *Nordin,* 112 Cal.App.2d 788, 792 [247 P.2d 394], where the defendant's affidavit merely alleged his residence, the court said, "Both in his complaint and his affidavit, plaintiff alleges that the obligation was to be performed in San Francisco. This is not denied. Thus it is admitted.''

The defendant's affidavit in the instant case does not deny the significant allegations in plaintiff's complaint nor make any affirmative factual showing which is determinative of venue. The plaintiff has alleged that the agent Clark was not acting within the actual or ostensible scope and course of his authority as the First California Company's agent in his dealings with the defendants in Kern County, and that all of the stock purchase orders were placed by Clark on behalf of the defendants with the First California Company at their office in San Francisco, that the confirmation and bills which were sent to defendants provided that the purchase price was due and payable at the same office in San Francisco, and that defendants actually caused to be delivered to the First Cali-

fornia Company at their office in San Francisco a check in the amount of $24,312.50. We recognize that the allegations in the complaint that the defendants were to pay the purchase price of the stock in San Francisco would have been of no significance on the question of venue had defendant's affidavit sufficiently established that the agreement was incurred or entered into in Kern County. Section 395 provides that "the county in which such obligation is incurred *shall be deemed* to be the county in which it is to be performed unless there is a special contract in writing to the contrary." (Emphasis added.) However, if the allegations in plaintiff's complaint were true that Clark was not acting as plaintiff's agent in his dealings with defendants in Kern County and that the stock orders were placed by him at First California Company's San Francisco office on behalf of the defendants, then in absence of further explanation, it would appear that the contract was entered into and the obligations incurred in San Francisco and that the case was triable there. We think the defendant was required in his affidavit to deny these specific allegations, or set forth other facts which would clearly show that the contract was incurred in Kern County. This he has failed to do. He has merely alleged his residence, the *general conclusion that the obligations were incurred in Kern County,* and that there was no special contract in writing that they were to be performed elsewhere.

In *Ward Mfg. Co.* v. *Miley, supra,* 131 Cal.App.2d 603, the complaint filed in Los Angeles County contained a cause of action alleging an account stated in Los Angeles County, and a cause of action setting forth a common count for goods sold and delivered in Los Angeles County. The defendant in his affidavit of merit on a motion for a change of venue alleged that he was a resident of Fresno County, related a conversation to the effect that he ordered the goods from plaintiff's salesman in Fresno, and also alleged inter alia, *"that said agreement concerning the purchase of said merchandise, and the obligations thereby incurred, if any, was entirely transacted in the County of Fresno, State of California, and said agreement in its entirety was oral, and not in writing."* (P. 608.) The court in denying defendant's motion stated on page 608, "Not a word about an account stated; the affidavit is devoted entirely to the consideration for it if there was such statement of account. The complaint allegation that there was one is not controverted in any fashion," and again the court said on page 609 in comment-

ing on the insufficiency of the defendant's affidavit in meeting the allegations of the complaint and the affidavits of plaintiff's employees, "For one who has the burden of proof he is noticeably vague. And he does not help his proof any by adding *these conclusions. . . . For conclusions they are, no more and no less."* (Emphasis added.) (Also see *Mathews Conveyor Co.* v. *Powell,* 159 Cal.App.2d 489 [324 P.2d 6].)

We concede that had both the plaintiff's unverified complaint and the defendant's affidavit merely alleged the bald conclusions or ultimate facts, that the obligations were incurred in the respective counties, the defendant's affidavit would have adequately met the issue (*Hagan* v. *Gilbert,* 83 Cal.App.2d 570, 576 [189 P.2d 548]; *Modine* v. *Modine,* 123 Cal.App. 67, 69 [10 P.2d 776]), and, as a sworn statement, would necessarily have prevailed. Furthermore, the complaint in this action being unverified, could not, under any circumstances, have been considered by the court as a counteraffidavit, had defendant's affidavit of merit been sufficient upon which to base an order for change of venue. Defendant's affidavit would then have stood as the only competent evidence and it would not have been within the court's power to resolve any conflicts favorably to plaintiffs on the motion. However, we conclude that the trial court was correct in ruling that the defendant's affidavit did not meet the burden imposed by the law upon the movant for a change of venue, *requiring that the averments in the complaint, which establish venue where the action is filed, must be controverted.* (*Ward Mfg. Co.* v. *Miley, supra,* 131 Cal.App.2d 603.)

The order is affirmed.