[L. A. No. 26220. In Bank. May 4, 1961.]

WALLACE W. ROCK, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Robert N. Reynolds for Petitioner.

Garrett H. Elmore for Respondent.

THE COURT.—This is a proceeding to review a recommendation of the Board of Governors of The State Bar of California that petitioner be suspended from the practice of law for a period of 90 days.

The record discloses that (1) December 15, 1959, petitioner received from his client, Mr. Bodine, of Arizona, an endorsed settlement check for $900, in which Mr. Bodine had a $650 interest, and deposited the check in his own bank account, rather than in a "trust" bank account as specified in rule 9 of the Rules of Professional Conduct;* (2) December 22, 1959, Mr. Bodine wired petitioner from Arizona, demanding payment of the amount due him; (3) December 29, 1959, Mr. Bodine sent a letter to petitioner by registered mail from Arizona, requesting remittance by certified check, and he received a return receipt bearing the signature of petitioner's secretary as of December 30, 1959; (4) petitioner claimed he sent a remittance of $650 on December 29, 1959, to Mr. Bodine by a so-called "wild" check (no entry thereof being made in petitioner's check record) and a letter, which were never received by Mr. Bodine, and the originals were not produced at the hearing before respondent; (5) December 31, 1959, petitioner withdrew from his bank account $180, reducing the balance in the account to less than $650, to wit, $517.99; (6) subsequent withdrawals reduced the bank account balance to as low as "about $3"; and (7) April 22, 1960, petitioner withdrew $700 from the account to purchase a cashier's check payable to Mr. Bodine for $650, which was sent to him with a letter referring to the sending of the alleged prior check.

Petitioner contends: First: *That the following findings of the Board of Governors are not supported by the evidence:*

---

*Rule 9 of the Rules of Professional Conduct reads in part: "A member of the State Bar shall not commingle the money or other property of a client with his own; and he shall promptly report to the client the receipt by him of all money and other property belonging to such client. Unless the client otherwise directs in writing, he shall promptly deposit his client's funds in a bank or trust company, authorized to do business in the State of California, in a bank account separate from his own account and clearly designated as 'Clients' Funds Account' or 'Trust Funds Account,' or words of similar import. . . ."

*(i) That petitioner "did not on December 29, 1959, or at any other time, mail or cause to be mailed the original of the letter of December 29, 1959 ... nor did he issue or cause to be issued the check referred to in said copy of letter"; and (ii) that petitioner "wilfully commingled the sum of $650.00 belonging to his client, W. O. Bodine, with his own funds and wilfully used said funds for his own purposes."*

Petitioner's contention is devoid of merit. These rules are here applicable:

 (1) In a disciplinary proceeding against an attorney, findings of fact by local administrative committees and the Board of Governors are not binding on the Supreme Court, which will weigh and pass upon the sufficiency of the evidence to sustain the findings of the board. (*Sturr* v. *State Bar,* 52 Cal.2d 125, 127 [1] [338 P.2d 897].)

 (2) The burden is upon one seeking a review of a recommendation of the Board of Governors to show that its findings are not supported by the evidence or that its recommendation is erroneous or unlawful. (*Hatch* v. *State Bar, ante,* pp. 127, 128 [1] [9 Cal.Rptr. 808, 357 P.2d 1064]; *Sullivan* v. *State Bar,* 50 Cal.2d 491, 500 [1] [326 P.2d 138]; *Webb* v. *State Bar,* 47 Cal.2d 866, 868 [1] [306 P.2d 458]; Bus. & Prof. Code, § 6083, subd. (c).)

 (3) In a proceeding to review a recommendation of the Board of Governors the petitioner fails to meet the burden of showing that the board's decision was erroneous or unlawful where his petition to review the board's decision is not based on or supported by references to the record. (*Sullivan* v. *State Bar, supra,* at 501 [2]; Rules on Appeal, rule 15, 50 Cal.2d 16.)

In the instant case petitioner has not met the burden required under rule (2), *supra,* or complied with the requirements as set forth in rule (3), *supra.*

The petition for review and brief (about two pages long) consist merely of a citation of particular parts of petitioner's testimony and an argument to the effect that (a) petitioner directed the purported letter of December 29, 1959, to Mr. Bodine to be mailed; (b) he directed the "wild" check for $650 to be mailed; (c) the "wild" check was not recorded on petitioner's personal check book through "oversight and neglect"; and (d) because of petitioner's inattention to his practice, the result of illness, and his oversight in failing to record the "wild" $650 check, he mistakenly assumed the monies in his personal account were his own. He admits com-

mingling his client's funds with his own, as found by the Board of Governors.

There was testimony by Mr. Bodine, as well as documentary evidence; and the record discloses that the trial committee and the examiner extensively examined into the circumstances of petitioner's conduct. Likewise, the Board of Governors took additional testimony relative to his conduct. The findings of both the trial committee and the Board of Governors are obviously drawn with care and reflect the conclusion of both bodies that they did not give credence to petitioner's "explanation" of what are shown by the record to be clear derelictions in duties owed by petitioner as an attorney to his client.

The petition for review and brief of petitioner are inadequate to sustain the burden expressly imposed upon petitioner in this type of proceeding to show wherein the decision of the Board of Governors is erroneous or unlawful.

Second: *That the penalty recommended by the Board of Governors is excessive.*

There is no merit in this contention. The penalty recommended by the Board of Governors—90 days' suspension—is not excessive.

It is ordered that petitioner be suspended from the practice of law in this state for a period of 90 days, commencing 30 days after the filing of this order.