[Civ. No. 19787. First Dist., Div. Two. July 5, 1961.]

RALPH C. MILLER, Appellant, v. ROY HALE et al.,
Respondents.

Charles J. Seifert, Jr., for Appellant.

Alfred A. Affinito for Respondents.

McCABE, J. pro tem.*—This is an appeal from an order granting a motion for change of venue.

On February 11, 1960, plaintiff filed an action in Santa Clara County setting forth three causes of action against defendants Roy Hale and Will Hobbs, individually and as copartners doing business as Harborcraft Marine, Crocker-Anglo National Bank, a corporation, Pacific Boat Company, a corporation, and several Does.

By his first and second causes of action, plaintiff seeks rescission, or in the alternative, damages. In his third cause of action, plaintiff claims a conversion of a boat which is the subject matter of the whole complaint.

Plaintiff claims he purchased a boat from defendants on March 28, 1959. This agreement was evidenced by a note, conditional sales contract, bill of sale, and additional pro-

*Assigned by Chairman of Judicial Council.

visions which were oral. It is conceded that this purchase took place in Contra Costa County and the contracts were signed in that county where defendants Hale and Hobbs had their place of business. After taking possession of the boat and in the latter part of April 1959, allegedly plaintiff, from Santa Clara County, telephoned defendant Hale informing him the boat leaked, whereupon defendant Hale informed plaintiff the boat would be picked up and repaired or a replacement of a new boat would be made. According to the plaintiff, the boat was picked up by defendants but never returned.

On March 22, 1960, defendant Hale, individually and as a copartner doing business as Harborcraft Marine, filed a "Motion for Order for Change of Venue, Notice thereof, Declaration in Support thereof and Points and Authorities." This motion was noticed for April 1, 1960. On March 24, 1960, defendants Hale and Hobbs, individually and as copartners, filed an answer to the complaint.

When defendant Hale's motion for change of venue was heard by the court does not appear in the record, but on July 22, 1960, the trial court denied the motion without prejudice on the grounds the declaration of merits was insufficient as such and as an affidavit of residency.

On August 17, 1960, defendant Hale, individually and as a copartner, filed another "Motion for Order for Change of Venue, Notice thereof, Declaration in Support thereof and Points and Authorities." This motion was granted, from which plaintiff appeals.

Both the motion filed March 22, 1960, and the motion filed August 17, 1960, contain the same grounds for the change of venue which were that defendants Hale and Hobbs were residents of the county of Contra Costa and at all times were conducting business in that county, and all contracts sued on by plaintiff were entered into, consummated and concluded in the county of Contra Costa.

At the trial court level, plaintiff's only opposition to the motion for change of venue was based on the premise there should be no hearing on such motion until defendants complied with section 442, Code of Civil Procedure, by having a summons issued and service made "on any parties who have not appeared in the action, and who are affected by said cross-complaint, i.e., the remaining defendants, . . ." No filing date appears on plaintiff's written "Opposition . . ." but from its verbiage we must conclude it was filed after the cross-complaint

was filed, i.e., after April 11, 1960. It is a reasonable conclusion that on April 11, 1960, the remaining defendants, Crocker-Anglo National Bank and Pacific Boat Company, a corporation, had not appeared in the action filed by plaintiff.

Upon this appeal plaintiff raises the following issues: (1) The telephonic communication which he initiated from Santa Clara County was an agreement made in that county, therefore Santa Clara County is the proper county for trial; (2) defendant has failed to sustain the burden of showing plaintiff selected the wrong court.

Section 395, Code of Civil Procedure, insofar as it is applicable to this present action, provides as follows:

"(1) . . . either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial . . . , and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary. . . ."

There was no special contract in writing to the contrary in the instant case. Therefore, the county of Contra Costa would be the county in which it is to be performed. (*Dawson* v. *Goff*, 43 Cal.2d 310 [273 P.2d 1].)

As reflected by the declaration of merits, the residence of defendants Hale and Hobbs at the commencement of this action was Contra Costa County. There is no refutation of this fact by plaintiff. Without any other facts appearing, Contra Costa County would be the proper place of trial.

Plaintiff seeks to avoid this result by contending the telephone conversation was a contractual agreement which was made in Santa Clara County and therefore the trial should be held in Santa Clara County. Plaintiff alleges the agreement provided the boat would be a new boat, in "good and merchantable" condition and "seaworthy." Plaintiff further alleges the boat "leaked so much when it was floated in the water that it was in danger of sinking . . . the leaking was due to defective manufacture. . . ." Clearly, these allegations along with the coloration of the entire complaint force a conclusion plaintiff is suing under the obligations and provisions of the contract of March 1959, and not under any telephone conversation agreement. Since no new obligation was incurred by the telephone conversation, the venue would be controlled

by the prior or original agreement. (*Joe Lowe Corp.* v. *Rasmusson,* 53 Cal.App.2d 490 [127 P.2d 1002].)

Also, plaintiff fails to recognize a rule of law which is of long standing. If any cause of action is stated which gives rise to a right in the defendant to move for a change of venue on ground of defendant's residence, it is of no consequence so far as this right is concerned that other causes of action may be stated wherein this right in defendant does not exist. (*Goossen* v. *Clifton,* 75 Cal.App.2d 44 [170 P.2d 104]; *Quick* v. *Corsaro,* 180 Cal.App.2d 831 [4 Cal.Rptr. 674]; *Ah Fong* v. *Sternes,* 79 Cal. 30 [21 P. 381]; *Keithly* v. *Lacey,* 77 Cal.App.2d 339 [175 P.2d 235].) Although plaintiff on this appeal contends to the contrary, at least one of his causes of action seeks to rescind the agreement of March 28, 1959, which cause of action may be transferred for trial to defendants' county upon proper motion for change of venue. A perusal of his complaint leads to no other reasonable conclusion.

 Plaintiff's argument on his second point is actually admixed with his first point except as to the sufficiency of defendants' showing to the court. At the time of hearing on the motion for change of venue, the court had before it the declaration of merits of defendant Hale which, among other things, stated that he and defendant Hobbs were at the time of the commencement of the action residents of Contra Costa County, the agreements were executed in Contra Costa County, payments under the agreements were to be made in Contra Costa County, and that neither he nor defendant Hobbs had ever been residents of Santa Clara County or conducted business in that county. There were no counteraffidavits or other evidence presented to the trial court. Upon this showing it was perfectly proper for the trial court to conclude a sufficient showing had been made to determine the proper county for trial was Contra Costa County.

Although no party has raised this issue, it appears it should be decided because it is such an integral part of the problem on appeal. Not to decide it would only give rise to possible further complications.

If a defendant has a right to change of venue under the provisions of section 395, Code of Civil Procedure, he may exercise the right by the procedure set forth in section 396b of the Code of Civil Procedure. This latter section provides that the motion for change of venue is to be filed at the time

he demurs or answers. His failure to file such a motion at the designated time, standing alone, has been held to constitute waiver of his right to a change of venue. (*Wadleigh* v. *Phelps,* 147 Cal. 541 [82 P. 200]; *Cook* v. *Pendergast,* 61 Cal. 72; *Pearkes* v. *Freer,* 9 Cal. 642; *Bell* v. *Camm,* 10 Cal.App. 388 [102 P. 225]; *Pittman* v. *Carstenbrook,* 11 Cal.App. 224 [104 P. 699]; *Howell* v. *Stetefeldt Furnace Co.,* 69 Cal. 153 [10 P. 390]; *Henry* v. *Willett,* 60 Cal.App. 244 [212 P. 698]; *Bohn* v. *Bohn,* 164 Cal. 532 [129 P. 981]; *Herd* v. *Tuohy,* 133 Cal. 55 [65 P. 139]; *Watts* v. *White,* 13 Cal. 321; *Lyons* v. *Brunswick-Balke etc. Co.,* 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173].)

In the present case, the motion filed August 17, 1960, does not stand alone and the right to a change of venue is not being asserted for the first time. As early as March 22, 1960, defendant Hale filed a motion for change of venue. This early filing indicated a strong resistance on his part to the case being tried in Santa Clara County. At no time after this filing did he change his position, for shortly after the court denied his original motion without prejudice, he filed the motion involved in this appeal. The trial court denied the original motion on the grounds of insufficiency "as an affidavit of merits and/or affidavit of residence...." Such insufficiency was satisfied in his subsequent filing.

In *Lyons* v. *Brunswick-Balke etc. Co., supra,* the court decided a case wherein Dooley, one of the defendants, had made a motion for change of venue from Los Angeles County to the city and county of San Francisco. Another defendant, Bowell, a resident of San Mateo County, by affidavit, consented to the transfer. The motion for change of venue was filed at the same time as a joint demurrer of all defendants. Before the hearing on Dooley's motion for change of venue, the action was dismissed without prejudice as to Dooley. A short time later defendant Bowell filed a motion for change of venue to the county of San Mateo on the grounds of residency. Plaintiffs filed a motion to strike the motion for change of venue on the ground that Bowell had waived his right to have the venue changed. The Supreme Court, reciting the settled law that a defendant waives his right if the motion for change of venue is not filed at particular times, and citing cases in support of it, said at pages 583-584:

". . . It is true, as pointed out by plaintiffs, that in those cases the papers for change of venue were filed at the time specified in section 396b of the Code of Civil Procedure, and

the court was concerned with whether or not acts other than the failure to file the papers in time constituted an express or implied waiver, but as we have seen, the theory in either case is *waiver* on the part of defendant. Waiver is ordinarily a question of fact. (25 Cal.Jur. 932.) While it may be true that the failure to institute proceedings for change of venue on the ground of residence at the time of filing a demurrer or answer, *standing alone,* requires as a matter of law that relief be denied when an attempt to obtain it is made by later proceedings, there is nothing in section 396b or the cases heretofore cited, which compels a holding that such waiver occurs as a matter of law where, as in this case, there is a sufficient showing that there was no intent to waive the right or to invoke the jurisdiction of the court in which the action is commenced, and the defendant has acted in good faith and with diligence. To blind one's self to the realities by a slavish adherence to technicalities is not consonant with justice or the liberal tendencies with respect to rules of procedure and practice. To give the construction to section 396b contended for by plaintiffs would be unreasonable and out of line with the rules pertaining to waiver. Furthermore, it would require a strict and literal, rather than a liberal interpretation of that section.

"The right of the defendant to have certain actions tried in the county of his residence 'is an ancient and valuable right, which has always been safeguarded by statute and is supported by a long line of judicial decisions. "The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception." (*Brady* v. *Times-Mirror Co.,* 106 Cal. 56 [39 P. 209].)' (*Brown* v. *Happy Valley Fruit Growers,* 206 Cal. 515, 522 [274 P. 977].) The facts of this case clearly present a situation in which it should be said that defendant Bowell has not waived that right as was found by the trial court. . . ."

Defendant Hale evinced his intention not to waive his right as early as March 22, 1960, and plaintiff was fully aware of defendant's intention at all times since that date. It becomes clear that defendant Hale did not waive his right to move to change the venue.

For several reasons, plaintiff can take no comfort from the case of *Nicholl* v. *Nicholl,* 66 Cal. 36 [4 P. 882]. The appeal in the Nicholl case was taken from the order denying the

original motion for change of venue, which is not the situation in the instant case. Here the denial of the original motion was without prejudice. As to the effect of a denial without prejudice, see *Wilkins* v. *Wilkins,* 95 Cal.App.2d 611 [213 P.2d 752]; *Kostal* v. *Pullen,* 36 Cal.2d 528 [225 P.2d 217]. The Supreme Court, in *Lyons* v. *Brunswick-Balke etc. Co., supra,* at page 584, stated that a "slavish adherence to technicalities is not consonant with justice or the liberal tendencies with respect to rules of procedure and practice . . . ," and decided that where there is a showing of an intention of the moving party not to waive any right which he may have to move for a change of venue, that right was not waived.

The point raised by plaintiff as to service upon the other defendants is answered by the provisions of section 1014, Code of Civil Procedure:

"A defendant appears in an action when he answers, demurs, files a notice of motion to strike, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. But where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned for want of bail."

It is only after his appearance that defendant or his attorney is entitled to notice of all subsequent proceedings where notice is required to be given. There is nothing in the record before us to indicate the other named defendants had appeared in the action. There is evidence from which it is reasonable to infer they had not appeared, for in plaintiff's "Opposition by Plaintiff to Setting of Hearing re Motion for Change of Venue," he states that such motion should not be heard until the summons on the cross-complaint had been served on "the remaining defendants" and that "Crocker-Anglo National Bank is obviously an affected party." It is noted the words "remaining defendants" and not remaining cross-defendants are used by plaintiff. Since plaintiff does not stress this point on appeal, we must assume that had the facts been different, he would have urged them.

Order affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.