[Civ. No. 330. Fifth Dist. Feb. 14, 1964.]

ALL-COOL ALUMINUM AWNING COMPANY, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent; J. WILLIAMS et al., Real Parties in Interest.

Edwin W. Wilson for Petitioner.

No appearance for Respondent or Real Party Williams.

Lloyd E. Somogyi for Real Parties in Interest John Matzenbacher et al.

CONLEY, P. J.—Pursuant to section 400 of the Code of Civil Procedure, All-Cool Aluminum Awning Co., one of the defendants in Kern County action No. 87669, entitled *J. Williams, Plaintiff,* v. *John Matzenbacher et al.,* has applied for a writ of mandate requiring that court to set aside its order changing the venue to San Luis Obispo County.

The plaintiff in the case below, J. Williams, as assignee of Century Building Credits of Southern California, originally filed the action in the Municipal Court of the Bakersfield Judicial District in Kern County by suing on two contracts in separate causes of action. The first of these contracts names All-Cool Aluminum Awning Co. as seller and John Matzenbacher and Henriette Matzenbacher as buyer; the seller sold and the buyer bought ". . . all the materials, labor and and services necessary to install, construct and improve on the real property..." specifically described as an "... enclosed patio room with sliding glass windows and aluminum panels" at Shell Beach in San Luis Obispo County. Under the heading "Terms of This Contract," the purchasers promised ". . . to pay the Time Price Balance designated herein and in the manner specified," and to pay a delinquency charge on each installment in default for 10 days. The "Property Improvement Lien Contract" continues as follows:

"In the event of any action in any court of competent jurisdiction to recover sums due under this contract, or to foreclose upon the lien given hereunder, a reasonable attorney's fee and court costs shall, at the discretion of the court, be awarded to the prevailing party. In the event of default in payment of any installment due hereunder, the holder may declare the whole sum, or so much thereof as remains unpaid, immediately due and payable, and may, after giving such notice as is required by law, enter the above described real property and sell the same at public or private sale and apply the proceeds thereof towards the satisfaction of the obligation of buyers. The undersigned agree to pay any deficiency remaining. Time is of the essence and no indulgence or acceptance of delinquent or partial installment payments shall constitute a waiver of any of the holder's rights hereunder.

"The undersigned represents that he, or they, are the owners of the above described real property and that if legal title does not stand of record in his or their names, he or they do have a beneficial interest therein. *In addition to any other right or remedy given to the holder hereof, the undersigned grants a lien on the above described real property as security for the faithful performance of his, or their, obligation under the terms of this contract.*" (Italics added.) This contract was assigned to Century Building Credits and by it, in turn, to the plaintiff.

The second contract, which is described in the second cause of action, is denominated a completion certificate. The All-

Cool Aluminum Awning Co. addressing the Century Building Credits in this document, warrants that the All-Cool Aluminum Awning Co. had completed the work called for in the lien contract satisfactorily, had delivered all of the described materials, and would promptly adjust to the Matzenbachers' satisfaction any reasonable complaints by them that the financial institution deemed justified. J. Williams was also assignee of this contract.

In the original pleading, the plaintiff did not include any allegation looking toward the foreclosure of the lien. However, the plaintiff filed a "First Amended Complaint for Money—Foreclosure of Lien Contract and Breach of Warranty"; the first cause of action was directed against John Matzenbacher and Henriette Matzenbacher for the foreclosure of the lien and the second cause of action against All-Cool Aluminum Awning Co. on the completion certificates. Contemporaneously with the filing of the amended complaint, plaintiff petitioned the muncipal court to transfer the action to the Superior Court of Kern County; the application for transfer was granted.

■ The order transferring the cause to the Superior Court of Kern County was proper; while the municipal court would have had jurisdiction of the second cause of action separately considered so far as the amount involved was concerned (Code Civ. Proc., § 89, subd. 1(a)), the first cause of action was for the enforcement of an equitable lien and, therefore, within the sole jurisdiction of the Superior Court (*Higgins* v. *Manson*, 126 Cal. 467, 469 [58 P. 907, 77 Am.St. Rep. 192]; *Holbrook* v. *Phelan*, 121 Cal.App.Supp. 781, 783 [6 P.2d 356]; 1 Witkin, Cal. Procedure, Courts, § 92, p. 221). Because of the joinder and the fact that one of the causes of action was within the jurisdiction of the superior court, that court had jurisdiction of the case as between the two courts (*Emery* v. *Pacific Employers Ins. Co.*, 8 Cal.2d 663, 667-669 [67 P.2d 1046].)

■ Section 396 of the Code of Civil Procedure, enacted in 1933, requires that if an action be filed in a court that lacks jurisdiction of the subject matter, the court in which the action is improperly commenced shall order a transfer to the proper court. The question to be determined, therefore, is whether the proper court is the Superior Court of San Luis Obispo County rather than the Superior Court of Kern County.

The first cause of action avers that a lien exists upon the

real property described as "Parcel 1, Lot 33, as recorded in Book 3, Page 53, San Luis Obispo County and commonly known as 226 Boeker in the City of Shell Beach, California," said lien having been created to secure the faithful performance of the contract; that the Matzenbachers have defaulted in the payments called for and that there is now due, owing and unpaid the sum of $3,640.64, together with a delinquency charge as provided in the contract; demand has been made for payment, but the "defendants fail and refuse to pay the same."

The second cause of action, directed solely against the All-Cool Aluminum Awning Co., refers to the certificate of completion and alleges that All-Cool Aluminum Awning Co. has breached warranties set forth therein "in that the room addition which is the subject matter of the Lien Contract ... leaks water from the roof and side walls of said addition in rainy weather and floods the interior of the room," and the screening on said "room permits the intrusion of bugs and insects."

It is further alleged that the All-Cool Aluminum Awning Co. has not repaired the roof and walls of the room as requested by Century Building Credits and that it has also refused to comply with a demand for payment of $3,640.64 for the repurchase of the contract.

After the removal of the action to the Superior Court of Kern County, the Matzenbachers filed a notice of motion for an order for a change of venue "... on the grounds, each and all, that this is an action for the foreclosure of a lien on real property and that said real property sought to be foreclosed of said lien in said action is wholly situated in the County of San Luis Obispo, State of California." Counsel for the Matzenbachers relies upon the provisions of article VI, section 5 of the California Constitution and of section 392 of the Code of Civil Procedure.

Article VI, section 5 of the California Constitution provides in part: "... all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens *upon real estate,* shall be *commenced* in the county in which the real estate, or any part thereof, affected by such action or actions, is situated." (Italics added.)

This provision of the Constitution has been stringently enforced in cases when there is but a single cause of action or when the main relief sought in a single cause of action seeking multiple relief is local in character; in such circumstances,

the courts historically have insisted on a strict adherence to the constitutional requirement holding formerly that such a suit commenced in the wrong county should be dismissed on the court's own motion and that any judgment obtained in such county was absolutely void. (*Urton* v. *Woolsey*, 87 Cal. 38 [25 P. 154]; *Fritts* v. *Camp*, 94 Cal. 393, 398 [29 P. 867]; *Rogers* v. *Cady*, 104 Cal. 288, 292 [38 P. 81, 43 Am.St. Rep. 100]; *Staacke* v. *Bell*, 125 Cal. 309, 314 [57 P. 1012]; *Waters* v. *Pool*, 130 Cal. 136 [62 P. 385]; *Maguire* v. *Cunningham*, 64 Cal.App. 536, 542 [222 P. 838]; *State* v. *Royal Consolidated Mining Co.*, 187 Cal. 343, 350 [202 P. 133].) However, as already noted, section 396 of the Code of Civil Procedure provides that if an action be filed in a court which lacks jurisdiction of the subject matter the court in which the action has been improperly commenced shall not dismiss it but shall order a transfer to the proper court.

█ In 1 Witkin, California Procedure, Actions, section 192, pages 707-708, the effect of the code section is thus stated: "It would appear, however, that much of the potential harm of the section [section 5 of article VI of the Constitution] has been eliminated by the enactment of Code of Civil Procedure section 396 in 1933, providing for transfer of an action commenced in a court which lacks jurisdiction. This section applies to local actions subject to the jurisdictional venue provisions of the Constitution. . . ."

(See: *San Jose I. & C. Storage Co.* v. *City of San Jose*, 19 Cal.App.2d 62 [64 P.2d 1099, 65 P.2d 1324].)

█ The constitutional provision by its terms merely compels the *commencement* of such an action in the superior court of the county where the land is situated and when this requirement is satisfied, there may be a change of venue to other counties for actual trial in accordance with the provisions of the Code of Civil Procedure. (*Duffy* v. *Duffy*, 104 Cal. 602 [38 P. 443]; *Dougherty* v. *California Kettleman, etc.* Inc., 9 Cal.2d 58, 79-80 [69 P.2d 155]; *Miller & Lux* v. *Kern County Land Co.*, 140 Cal. 132, 134 [73 P. 836]; *Rice* v. *Schubert*, 101 Cal.App.2d 638, 642 [226 P.2d 50]; *Brock* v. *Superior Court*, 29 Cal.2d 629, 636 [177 P.2d 273, 170 A.L.R. 521].)

Section 392, subdivision 1 of the Code of Civil Procedure provides in part as follows:

"Subject to the power of the court to transfer actions and proceedings . . . the county in which the real property, which

is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions:

"(a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property;

"(b) For partition of real property;

"(c) For the foreclosure of all liens and mortgages on real property."

This code section is much more inclusive in its enumerated categories than article VI, section 5 of the California Constitution. Section 392 of the Code of Civil Procedure does not specify a jurisdictional requirement, but like other venue provisions in the code merely gives a right to litigants to insist on trial in the counties specified; the courts of any county in the state have jurisdiction of a statutory local action commenced therein and can render a valid judgment where no objection to improper venue has been made. (*Miller & Lux* v. *Madera Canal etc. Co.*, 155 Cal. 59, 73 [99 P. 502, 22 L.R.A. N.S. 391]; *Brock* v. *Superior Court, supra,* 29 Cal.2d 629, 633-634.)

If the first cause of action in the complaint which seeks to enforce a lien upon land located in San Luis Obispo County stood alone, the order changing the venue to San Luis Obispo County would be proper. (*Rogers* v. *Cady, supra,* 104 Cal. 288; *Case* v. *Kirkwood*, 119 Cal.App. 207, 211 [6 P.2d 110]; *Woodley* v. *Woodley*, 47 Cal.App.2d 188 [117 P.2d 722]; *Wood* v. *Emig*, 58 Cal.App.2d 851 [137 P.2d 875].) But there is an equally well established rule in this state that, if and when there are combined in separate causes of action in a single complaint a local action and a transitory action, the case must remain in the county of a defendant's residence upon the insistence of that defendant. Thus, when a plaintiff combines in a single complaint a cause of action against one or more defendants, which separately considered, is purely local in nature, with a second cause of action, which separately considered is purely transitory in nature, if the action is brought in a county where one of the defendants has his residence, such defendant is entitled to a retention of the case for trial in such county by virtue of the provisions of section 395 of the Code of Civil Procedure.

The principal place of a business of a corporation is its residence for the purpose of determining venue. (*Waechter* v. *Atchison, T. & S.F. Ry. Co.*, 10 Cal.App. 70, 72 [101 P. 41]; *Beutke* v. *American Securities Co.*, 132 Cal.App.2d 354, 360 [282 P.2d 201]; *Winterburn* v. *Sheriff*, 61 Cal.App. 531,

534 [215 P. 406]; *Jenkins* v. *California Stage Co.,* 22 Cal. 537, 538.) And article XII, section 16 of the California Constitution provides that a corporation may be sued in the county where the principal place of business of such corporation is situated.

In *Smith* v. *Smith,* 88 Cal. 572, 575 [26 P. 356], it is pointed out that a general policy of the law is to give to a defendant "...the right of having all personal actions against him tried in the county of his residence." At page 576 of the opinion, it is said: "The plaintiff cannot, by uniting in his complaint matters which form the subject of a personal action with matters which form the subject of a local action, compel the defendant to have both those matters tried in a county other than that in which he resides. *It is only when real estate alone is the subject-matter of the action that the provisions of section 392 can be invoked against a defendant who resides in a county different from that in which the land is situated.*" (Italics added.)

In *Weygandt* v. *Larson,* 130 Cal.App. 304, 308 [19 P.2d 852], the court said: "(1) The nature of the action is to be determined from the complaint. (*Miller & Lux* v. *Kern Co. Land Co.,* 140 Cal. 132 [73 P. 836]; *McFarland* v. *Martin,* 144 Cal. 771 [78 P. 239]; *Donohoe* v. *Rogers,* 168 Cal. 700 [144 P. 958].) Section 5 of article VI of the Constitution provides that all actions for the recovery of the possession of, quieting title to or for enforcement of liens upon real estate shall be commenced in the county in which the real estate or any part thereof affected by such action is situated. Subdivision 1 of section 392 of the Code of Civil Procedure provides that actions for the recovery of real property, or an estate or interest therein, or for the determination of any form of such right or interest, must be brought in the county where such real estate or some part thereof is situated. Section 395 of the Code of Civil Procedure provides that all other actions must be tried in the county where the defendants or some of them reside at the commencement of the action. (2) An action for an accounting is a proceeding in equity and is essentially a personal action (*Smith* v. *Smith,* 88 Cal. 572 [26 P. 356]), and it is only when land or an interest therein is the exclusive subject matter of the action that said section 392 controls. (*Smith* v. *Smith, supra, Le Breton* v. *Superior Court,* 66 Cal. 27 [4 P. 777].) *If real and personal actions are joined in the same complaint, the case falls within said section 395 and must be tried in the county of defendant's*

*residence.* (*Le Breton* v. *Superior Court, supra*; *Warner* v. *Warner*, 100 Cal. 11 [34 P. 523]; *Donohoe* v. *Rogers, supra.*)" (Italics added.)

In *Most Worshipful Sons* v. *Sons etc. Lodge*, 160 Cal.App. 2d 560, 569-570 [325 P.2d 606], the court referred to the *Weygandt* case and in the following language reaffirmed the rule that where a constitutional or statutory local cause of action is joined in good faith in a single complaint with a transitory cause of action, the suit is considered as transitory for the purpose of determining the place of trial.

"Defendant contends that the San Francisco Superior Court had no jurisdiction of the action because of section 5, article VI of the Constitution, which provides 'all actions for the recovery of possession of, quieting the title to ... real estate, shall be commenced in the county in which the real estate ... is situated.' It has been held that this section as well as section 392, subdivision 1, Code of Civil Procedure, to the same effect, only applies when land or an interest therein is the exclusive subject matter of the action ... ' (*Weygandt* v. *Larson*, 130 Cal.App. 304, 308 [19 P.2d 852].) In construing article VI, section 5 of the Constitution, and section 392 of the Code of Civil Procedure, the reviewing courts of California have frequently determined that an action is transitory and that the court of the county where the defendants, or some of them, reside, has jurisdiction to try the cause when the suit for possession of real property, or to quiet title thereto, or to enforce liens thereon, is joined in good faith with another cause involving personal obligations."

In *Maguire* v. *Cunningham, supra*, 64 Cal.App. 536, at p. 542, the general rule is thus stated: "...it is settled that an action 'must be wholly local in its nature to require it to be brought in the county' wherein is situated the property which is the subject matter of the action...." (*Weyer* v. *Weyer*, 40 Cal.App. 765, 767-768 [182 P. 776]; *State* v. *Royal Consolidated Mining Co., supra*, 187 Cal. 343, 350-351.)

(See also: *Neet* v. *Holmes*, 19 Cal.2d 605 [122 P.2d 557]; *Bardwell* v. *Turner*, 219 Cal. 228 [25 P.2d 978]; *Turlock Theatre Co.* v. *Laws*, 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786]; *Howe* v. *Tucker*, 219 Cal. 193 [25 P.2d 832]; *Hays* v. *Cowles*, 60 Cal.App.2d 514 [141 P.2d 26]; *Myers* v. *Superior Court*, 75 Cal.App.2d 925 [172 P.2d 84]; *Cade* v. *Superior Court*, 191 Cal.App.2d 554 [12 Cal.Rptr. 857]; *Henderson* v. *Henderson*, 85 Cal.App.2d 476, 481 [193 P.2d 135]; *Abbott* v.

*People's Nat. Fire Ins. Co.,* 132 Cal.App. 357 [22 P.2d 554];
*Ah Fong* v. *Sternes,* 79 Cal. 30 [21 P. 381]; *Goossen*
v. *Clifton,* 75 Cal.App.2d 44, 49-50 [170 P.2d 104]; *Keithly*
v. *Lacey,* 77 Cal.App.2d 339, 340 [175 P.2d 235]; *Quick* v.
*Corsaro,* 180 Cal.App.2d 831, 835 [4 Cal.Rptr. 674]; *Vaughan*
v. *Roberts,* 45 Cal.App.2d 246, 254, 255 [113 P.2d 884]; *Gilman* v. *Nordin,* 112 Cal.App.2d 788, 790 [247 P.2d 394];
*Miller* v. *Hale,* 193 Cal.App.2d 567, 571 [14 Cal.Rptr. 472];
*Thielen* v. *Superior Court,* 219 Cal.App.2d 217 [33 Cal.
Rptr. 1].)

▇ In view of the well-established rule last referred to,
the Superior Court of Kern County committed error in ordering a change of venue to San Luis Obispo County; the
second cause of action is clearly transitory and when, as here,
such a cause of action is combined in a single complaint with
a separately stated local action, the defendant corporation
has a right to retain the case in the county of its principal
place of business where it was filed.

Accordingly, it is ordered that a peremptory writ of mandate issue requiring the Superior Court of Kern County to
set aside the order for change of venue to San Luis Obispo
County in the action numbered therein 87669, entitled
*J. Williams* v. *John Matzenbacher et al.,* and directing that
the cause be retained for further proceedings and trial in the
Superior Court of Kern County.

Brown (R. M.), J., and Stone, J., concurred.