[No. D053073. Fourth Dist., Div. One. Jan. 7, 2009.]

TRITEK TELECOM, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
CHIK-LUN MAK, Real Party in Interest.

1386

COUNSEL

The Gomez Law Group and Alvin M. Gomez for Petitioner.

No appearance for Respondent.

The Law Offices of Shawn A. McMillan, Shawn A. McMillan; and Kathryn E. Karcher for Real Party in Interest.

OPINION

**McINTYRE, J.**—Although corporate directors have an "absolute right" to "inspect and copy all [corporate] books, records and documents of every kind" (Corp. Code, § 1602), including documents protected by the attorney-client privilege, we conclude that a corporate director does not have the right to access documents covered by the attorney-client privilege that were generated in defense of a suit for damages that the director filed against the corporation. (All undesignated statutory references are to the Corporations Code.) As such, we grant the petition and direct the trial court to conduct further proceedings to determine whether (1) the requested documents are covered by the attorney-client privilege and (2) if the requested documents are privileged, whether an exception exists or there was an express or implied waiver of the privilege.

### FACTUAL AND PROCEDURAL BACKGROUND

Tritek Telecom, Inc. (Tritek), is a California corporation with two equal shareholders, Andre Rerolle and Prospect Development Inc. (Prospect), a

company solely owned by Chik-Lun Mak. Tritek initially had three members on its board of directors, Alvin Ly, Rerolle and Mak. In May 2007, Rerolle and Mak hired L. Michael Wilson of the Apollo Law Group to act as Tritek's corporate counsel in relation to Ly's resignation from the board, leaving Rerolle and Mak as the sole members of Tritek's board of directors.

The following month, conflicts arose between Rerolle and Mak regarding the operation of Tritek and management responsibilities. Mak claimed, among other things, that Rerolle improperly locked him out of Tritek facilities, stopped paying his salary and misappropriated Tritek assets. In turn, Rerolle claimed that Mak engaged in numerous corporate improprieties.

Mak and Prospect sued Tritek, Rerolle and others, alleging various causes of action and seeking return of their $410,000 investment and damages against all defendants. (*Prospect Development, Inc. v. Tritek Telecom, Inc.* (Super. Ct. San Diego County, 2007, No. 37-2007-00072571-CU-MC-CTL) (the shareholder action).) The shareholder action was assigned to the Honorable Ronald S. Prager. Tritek later filed a cross-complaint against Mak, Prospect, Ly and others alleging, among other things, that Mak breached his fiduciary duties to and defrauded the corporation. Wilson initially represented Tritek and Rerolle in the shareholder action, but Judge Prager granted a motion to disqualify him as counsel, noting that Wilson removed himself as counsel for Tritek and finding that Wilson had previously given advice to both Mak and Rerolle and was now precluded from representing one against the other.

Mak and Prospect later filed a complaint against Tritek and Rerolle, seeking the removal of Rerolle as a director for Tritek (which is pending before Judge Prager) and a separate petition for the appointment of a provisional director which was assigned to the Honorable Joan M. Lewis. Judge Lewis has since entered a judgment appointing Richard M. Kipperman as a provisional director of Tritek.

Mak filed the instant petition under section 1603 against Tritek, Rerolle and Wilson, seeking to enforce his right as a director of Tritek to inspect Tritek's books and records and the matter was assigned to the Honorable Yuri Hofmann. Tritek, Rerolle and Wilson answered, asserting the petition sought attorney-client privileged documents generated by Tritek and Rerolle in defense of Mak's related actions. Tritek also raised the attorney work product doctrine. After Mak dismissed Wilson and Rerolle, the trial court tentatively granted the petition, stating that Tritek's evidentiary showing was insufficient to justify withholding the documents and noting that Tritek had previously given Mak access to the requested documents and this "seemingly render[ed] the privilege objections moot."

At a hearing on the ruling, the trial court denied Tritek's requests for an evidentiary hearing and for judicial notice of additional documents. The trial court concluded that Tritek failed to meet its burden to show cause why the records should not be produced and adopted its tentative ruling.

After Mak filed a proposed judgment and proposed peremptory writ of mandate, Tritek objected to them on the ground they ordered disclosure of confidential attorney-client communications generated by Tritek in defense of litigation brought by Mak in other related actions. Wilson substituted out as Rerolle's attorney and objected to the proposed judgment and writ because they ordered disclosure of confidential attorney-client communications between himself and Rerolle. Rerolle also objected to the proposed judgment and writ on the same grounds and suggested submitting a privilege log. The trial court took no action on the objections, entered the proposed judgment and issued the peremptory writ of mandate.

Among other things, the judgment ordered Tritek to produce (1) the entire content of the Apollo Law Group case files relating to the shareholder action and any other matters for which Apollo Law Group has been consulted or employed by Tritek; (2) all communications between Apollo Law Group and any officer, director or employee of Tritek; and (3) any case files evidencing Tritek's involvement in any litigation.

Tritek sought writ review of the judgment, arguing the trial court abused its discretion by failing to continue the evidentiary hearing and ordering disclosure of documents covered by the attorney-client privilege and attorney work product doctrine. We stayed production of the documents and the subsequent judgment and issued an order to show cause why the relief sought should not be granted. During the pendency of this proceeding, the parties settled the underlying case; however, they requested a decision on the unresolved legal issue presented in this writ proceeding.

Mak's requests for judicial notice of various documents in the related actions are granted. (Evid. Code, § 452, subd. (d).) Tritek's request to strike portions of Shawn A. McMillan's declaration is denied.

## DISCUSSION

### I. *General Legal Principles*

■ A client has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between the client and his or her lawyer unless the privilege is waived. (Evid. Code, § 954.) A corporation is a "client" protected by the attorney-client privilege (Evid. Code, §§ 175,

951; *D. I. Chadbourne, Inc. v. Superior Court* (1964) 60 Cal.2d 723, 736 [36 Cal.Rptr. 468, 388 P.2d 700]) and a "confidential communication" includes "a legal opinion formed and the advice given by the lawyer in the course of that [attorney-client] relationship." (Evid. Code, § 952.) Once a party establishes that a privilege applies, the burden shifts to the party opposing the privilege to demonstrate that the privilege did not apply, that an exception existed, or that there was an express or implied waiver. (Evid. Code, §§ 405, 917, subd. (a); *Titmas v. Superior Court* (2001) 87 Cal.App.4th 738, 745 [104 Cal.Rptr.2d 803].)

 Corporate directors owe a fiduciary duty of care to the corporation and its shareholders and must serve "in good faith, in a manner such director believes to be in the best interests of the corporation and its shareholders." (§ 309, subd. (a).) Although it is generally presumed that the directors of a corporation are acting in good faith (*Katz v. Chevron Corp.* (1994) 22 Cal.App.4th 1352, 1366 [27 Cal.Rptr.2d 681]), a court is required to defer to the business judgment only of disinterested directors. (See, e.g., *Gaillard v. Natomas Co.* (1989) 208 Cal.App.3d 1250, 1265–1266 [256 Cal.Rptr. 702].) " '[A] director is independent when he is in a position to base his [or her] decision on the merits of the issue rather than being governed by extraneous considerations or influences.' [Citation.]" (*Katz v. Chevron Corp., supra*, 22 Cal.App.4th at p. 1367.)

 Corporate directors also have the "absolute right" at any reasonable time to inspect and copy all corporate books, records, and documents of every kind (§ 1602) and a court may enforce this right "with just and proper conditions." (§ 1603.) This right "represents a legislative judgment that directors are better able to discharge [their fiduciary] duties if they have free access to information concerning the corporation." (*Havlicek v. Coast-to-Coast Analytical Services, Inc.* (1995) 39 Cal.App.4th 1844, 1852 [46 Cal.Rptr.2d 696].) The absolute right, however, is subject to exceptions and may be denied where a disgruntled director announces his or her intention to violate his or her fiduciary duties to the corporation, such as using inspection rights to learn trade secrets to compete with the corporation. (*Id.* at pp. 1855–1856.)

## II. *Analysis*

Initially, we note that four separate but related matters were assigned to three different judges and there is a possibility of conflicting rulings on discovery matters. There are rules to prevent this. (Cal. Rules of Court, rule 3.300.) Accordingly, the presiding judge of the superior court is directed to send this petition and any pending related matters to one judge.

On the merits, Tritek does not dispute Mak's right to inspect general corporate documents; rather, it contends that the trial court's ruling was overbroad because it encompassed documents protected by the attorney-client privilege. We agree.

Mak filed this action to enforce his inspection rights as a director *after* he filed the shareholder action against Tritek and Rerolle in his individual capacity as a shareholder to vindicate his personal rights. Accordingly, Mak is not a disinterested director and the presumption of good faith does not apply. Additionally, enforcing Mak's "absolute" inspection rights in this case is problematic because it gives him access to documents he could not obtain via discovery in the shareholder action.

■ Although Mak is still a Tritek director, his filing of the shareholder action makes him Tritek's adversary. Mak cannot take off his "shareholder's hat" and swap it for his "director's hat" and claim an absolute right to access all corporate documents. In this situation, a court may properly limit a director's inspection rights because the director's loyalties are divided and documents obtained by a director in his or her capacity as a director could be used to advance the director's personal interest in obtaining damages against the corporation. (*La Jolla Cove Motel & Hotel Apartments, Inc. v. Superior Court* (2004) 121 Cal.App.4th 773, 787–788 [17 Cal.Rptr.3d 467] [corporate counsel has no duty to disclose privileged information to dissident director with which the corporation has a dispute].)

■ Accordingly, we conclude that a corporate director does not have the right to access documents that are covered by the attorney-client privilege and were generated in defense of a suit for damages that the director filed against the corporation. Although the trial court noted that Tritek had given Mak access to corporate documents and this production "seemingly" rendered the privilege objections moot, Mak presented no evidence showing Tritek had produced attorney-client privileged documents in response to his earlier request. Thus, the trial court had no factual basis on which to conclude Tritek had waived its right to assert the attorney-client privilege.

Furthermore, Wilson and the Apollo Law Group jointly represented Rerolle in the shareholder action for a period of time and Rerolle properly asserted his individual attorney-client privilege. Mak is not entitled to any documents covered by Rerolle's individual attorney-client privilege. Finally, while it is unlikely that Tritek has documents covered by the attorney work product doctrine that would not also be covered by the attorney-client privilege, the trial court should allow the parties to address the application of this doctrine.

Under these circumstances, the trial court is directed to conduct further proceedings to determine whether: (1) any of the requested documents are

covered by the attorney-client privilege or attorney work product doctrine, and (2) if the requested documents are privileged, whether an exception exists or there was an express or implied waiver of the privilege.

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its May 12, 2008, judgment and peremptory writ of mandate and to conduct further proceedings in accordance with the views expressed in this opinion. The presiding judge of the superior court is further directed to transfer this matter to one judge. Tritek is entitled to its costs in this writ proceeding. The stay issued on May 12, 2008, will be vacated when the opinion is final as to this court.

Huffman, Acting P. J., and Aaron, J., concurred.