Filed 5/24/24  Mackel v. McDonough CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| VIRGINIA A. MACKEL,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>PAUL MCDONOUGH,<br><br>  Defendant and Appellant. | 2d Crim. No. B324520<br>(Super. Ct. No. 56-2021-00556620-<br>CU-WM-VTA)<br>(Ventura County) |

Paul McDonough appeals a judgment entered after the trial court granted a motion for a writ of mandate sought by Virginia A. Mackel, the co-manager of four limited liability companies that she and McDonough jointly manage.  (Code Civ. Proc., § 1085; Corp. Code, § 1603, subd. (a).)[1]  We affirm.

This appeal concerns an amended petition for writ of mandate filed by a co-manager of four limited liability companies

---

[1] We deny Mackel's motion to dismiss McDonough's appeal. Although McDonough may have complied with the writ of mandate following the judgment in favor of Mackel, that compliance does not respond to all the issues he raises on appeal.

(collectively CVP Companies) seeking the production of company books and records for inspection and copying, and the return of the books and records to the principal business office. The CVP Companies own and operate separate parcels of real estate that comprise a Thousand Oaks shopping center, the "Conejo Valley Shopping Center." Mackel and McDonough's father developed the companies and, as part of his estate plan, transferred ownership to them as co-managers. In June 2021, McDonough unilaterally moved the CVP Companies' books and records from the longtime business office to his home, and then to a different office. Despite Mackel's repeated demands, McDonough refused to return the books and records and allow Mackel to inspect and copy them.

*FACTUAL AND PROCEDURAL HISTORY*

The operating agreements for the CVP Companies state that "[t]he business of the Company shall be managed by the Manager (which term includes co-Managers)," and that the "Manager shall be Paul J. McDonough and Virginia A. Mackel, or any successor Manager elected as provided [herein]." The operating agreements provide the co-managers with the "full, exclusive and complete" power and authority to jointly manage the CVP Companies. The operating agreements also require a designated principal office in a location determined by the co-managers. Three of the companies designated an office at 32123 Lindero Canyon Road and the fourth company designated a principal office at 725 Lakefield Road. On January 1, 2012, the co-managers entered into a written lease for the Lindero Canyon Road office and moved the CVP Companies records to that office.

In June 2021, without notice to Mackel and without her consent, McDonough removed the books and records of the CVP

2

Companies. Mackel repeatedly demanded that McDonough return the books and records to the Lindero Canyon Road office for her inspection and copying, but McDonough stated various reasons for not doing so. In an e-mail to Mackel, McDonough admitted that "[n]either of us can remove the records without the other person[']s prior written approval."

McDonough initially moved the books and records to his home and later to the office of Capital Real Estate Advisors (CREA) located at 973 South Westlake Boulevard. CREA is a property administrator employed by the CVP Companies to collect rents and pay vendors, among other things.

Mackel was later granted access to the Westlake Boulevard office by a CREA administrator. Mackel believed that some records were missing. She also noticed that documents were scattered and detached and some were in trash bags. Mackel had difficulty gaining access to the office because it was frequently closed and no one was available to provide access.

Prior to Mackel's visit to the Westlake Boulevard office, she filed a verified petition for writ of mandate concerning access to the books and records and their return to the Lindero Canyon Road office. McDonough contested the petition. Following oral argument, the trial court granted Mackel's motion for a writ of mandate and ordered McDonough to produce all existing company books and records for inspection and copying. The writ also ordered McDonough to return all existing company books and records to the Lindero Canyon Road office and maintain them there as long as that office remained the business office of the CVP companies. Finally, the order stated that Mackel was the prevailing party "to the extent that she is entitled" to attorney fees.

McDonough appeals and contends that the trial court erred by: 1) ordering him to produce the books and records because he never refused Mackel's requests for inspection; 2) ordering him to produce documents beyond the scope of Corporations Code sections 17704.10 and 17701.13; and 3) finding the principal office as Lindero Canyon Road rather than the location (El Segundo) provided as a principal place of business to the California Secretary of State.

*DISCUSSION*

*I.*

McDonough argues that Mackel was not denied an opportunity to inspect the books and records, and asserts that she did inspect and photocopy documents on many occasions at the Westlake Boulevard office. He claims the issue is one of law because a writ order cannot require performance of an action that a person has not previously refused to perform.

The trial court found that McDonough provided some documents for inspection to Mackel, but that he claimed the production "should be limited in scope." From this argument, the court drew the reasonable inference that McDonough was withholding documents. Mackel asserted that some documents were missing when she inspected and copied the books and records. She saw that documents were detached and others placed into trash bags. Mackel provided two photographs of the documents in disarray. The court found that McDonough refused production of existing books and records at the Lindero Canyon Road office. Viewing the evidence and drawing reasonable inferences favorably to the judgment, substantial evidence supports this factual finding. (*Fowler v. Golden Pacific Bancorp, Inc.* (2022) 80 Cal.App.5th 205, 218 [substantial evidence

4

standard of review applies to trial court's judgment granting mandamus petition].)

*II.*

For the first time on appeal, McDonough asserts that the writ order is overbroad because it orders the production of his correspondence and personal e-mails, certain documents equally available to Mackel, original books and records, and documents without any time limitation.

We disagree with McDonough's interpretation of the writ order. The order compels the production and *return* of CVP Companies' *existing* books and records that McDonough took from the Lindero Canyon Road office. A writ of mandate properly is used to compel a party to return corporate books and records to the principal place of business. (*Liberal Catholic Church v. Rogers* (1944) 65 Cal.App.2d 196, 199-200.) The order does not compel production of McDonough's personal e-mails unrelated to the CVP Companies; it is limited to "company books and records." "By analogy, Corporation Code section 1602, applicable to corporations, states that corporate directors have the "absolute right" at any reasonable time to inspect and copy all corporate books, records, and documents of every kind." (*Tritek Telecom, Inc. v. Superior Court* (2009) 169 Cal.App.4th 1385, 1390.) Corporations Code section 17701.13, subdivision (d) lists the documents a limited liability company shall maintain at its business office, including the books and records regarding internal affairs for the current and prior four fiscal years. (*Id.*, subd. (d)(7).) The writ order expressly refers to correspondence and e-mails related to the CVP Companies' activities from January 1, 2021, to date.

5

Moreover, McDonough did not raise the specific overbreadth arguments in the trial court. Thus, he has forfeited the arguments here. As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal. (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997.) This rule rests upon fairness to the trial court and to opposing litigants. (*Ibid.*) "Bait and switch" on appeal subjects the parties to additional expenses and overburdens the judicial system. (*Ibid.*)

*III.*

McDonough argues that the trial court erred by finding that the CVP Companies' "principal office" was the Lindero Canyon Road office, and not the El Segundo office of CREA.

In filings with the California Secretary of State in 2019, the CVP Companies stated that the CREA office located at 222 N. Pacific Coast Highway, El Segundo, California, was and had been the principal office for the companies. McDonough adds that the written lease for the Lindero Canyon Road office expired on June 30, 2021, prompting his removal of the books and records.

The trial court's factual finding that the Lindero Canyon Road office was the designated and principal office of the CVP Companies is supported by substantial evidence. The operating agreements of the four limited liability companies required designation of a principal office. McDonough and Mackel chose the Lindero Canyon Road office, maintained the books and records there, and occupied the office pursuant to a 10-year written lease. Following termination of the lease term, the companies have occupied the office as holdover tenants on a month-to-month basis. The court's judgment indicates that the books and records shall be maintained at the Lindero Canyon

6

Road office so long as that office remains the principal office of the CVP Companies.

McDonough's argument regarding the "principal place of business" for the CVP Companies appears to concern matters of venue. The argument is irrelevant here.

In sum, the trial court did not abuse its discretion by issuing the writ of mandate here. (*Richardson v. Franc* (2015) 233 Cal.App.4th 744, 757 [trial court may exercise its broad equitable discretion and fashion relief to fit the specific facts of the case].)

*DISPOSITION*

The judgment is affirmed. Mackel shall recover costs. NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

BALTODANO, J.

CODY, J.

7

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Loeb & Loeb and Oleg Stolyar for Defendant and Appellant.

Seltzer Caplan McMahon Vitek, Neal P. Panish and Jake D. Sesti for Plaintiff and Respondent.